R. F. LAKENAN, Respondent, v. JOHN L. ROBARDS, Appellant.

June 8, 1880.

9  179
123m612,

1. A deed of release executed by the trustee in the deed of trust, without the authority of the *cestui que trust* and without having received payment of the secured notes, does not discharge the lien.

2. Where, by his own laches, a judgment creditor has lost the lien of his judgment, he is not entitled to the aid of a chancery court.

3. The purchaser of a judgment after the lien thereof has expired, and after the death of the debtor, cannot file a creditor's bill in equity to subject the debtor's realty to the lien of the judgment.

APPEAL from the St. Louis Circuit Court, BOYLE, J. *Affirmed*.

JAMES CARR, for the appellant: The judgments were allowed in the Probate Court, and became preferred claims. — *Prewitt* v. *Jewell*, 9 Mo. 732. The appellant, as a judgment creditor, had a right to redeem. — *Gray* v. *Shaw*, 14 Mo. 346. A lien is not necessary to entitle a judgment creditor to redeem. — *Merry* v. *Fremon*, 44 Mo. 518; *Allnut* v. *Leper*, 48 Mo. 319. A trustee who releases the deed of trust divests himself of the legal title. — *Gott* v. *Powell*, 41 Mo. 416; *Rutherford* v. *Williams*, 42 Mo. 18.

GEORGE P. STRONG, for the respondent: The trustee has

no power to release the deed of trust unless satisfaction thereof has been received by him. — *Ewing* v. *Shelton*, 34 Mo. 518 ; *Grove* v. *Robards*, 36 Mo. 523. Having lost his lien by his own laches, and having failed to take advantage of his remedy at law, the appellant cannot now invoke the aid of a court of equity. — *Stevenson* v. *Saline*, 65 Mo. 430 ; *Wood* v. *Augustine*, 61 Mo. 51 ; *Jainey* v. *Spidden*, 38 Mo. 402.

BAKEWELL, J., delivered the opinion of the court.

This was a proceeding in equity against the widow and heirs at law of one Archibald S. Robards, deceased, and the trustee of a deed of trust executed by Robards in his lifetime, to secure a note to Grove, the original plaintiff. The general object of the proceeding was to set aside a satisfaction of the deed of trust alleged to have been fraudulently made by the trustee. The bill was dismissed, and on appeal this judgment was reversed. *Grove* v. *Heirs of Robards*, 36 Mo. 523. A change of venue was taken from the Hannibal Court of Common Pleas to the Circuit Court of St. Louis County. Meanwhile the plaintiff died, the widow died, the trustee died, the original administrator died, and when the cause came up for trial, on November 21, 1877, the action had abated as to the widow and trustee, and there was a default as to all the other defendants except John L. Robards, one of the sons of Archibald S. Robards, deceased, who had filed an amended separate answer in November, 1870.

The original petition on which the case was tried was filed in September, 1864, and alleges, substantially, that Archibald S. Robards, deceased, together with his wife, executed a deed of trust dated July 21, 1860, to Thompson as trustee, to secure a note of Robards to Grove of same date, for $1,120, at six months, bearing interest after maturity at ten per cent. The property conveyed by the deed was lot 7 in block 47 in Hannibal,

Missouri, together with a house erected thereon. That Robards died on June 21, 1862, having paid on said note $200 and all interest to March 21, 1861; that at the request of plaintiff the holder of the note, and, according to the terms of the deed, Thompson, the trustee, advertised the property for sale under the deed, and plaintiff became the purchaser at the sale for $900, on September 2, 1863, being the best bidder, and on the next day received a deed from the trustee, which was duly recorded; that notwithstanding the note described by said deed was not paid, Archibald S. Robards and John L. Robards fraudulently represented to Thompson, the trustee, that the same was paid, and thereby induced him to execute and place on record a deed of release of said deed of trust, dated April 30, 1861. The petition sets out that the defendants named are the administrators, the widow, and the heirs at law of Archibald S. Robards, and that the widow has commenced proceedings to have dower assigned to her in the realty in question. The prayer is that the widow be restrained from proceeding further in the action for dower, and that the fraudulent release be set aside.

The widow and trustee filed separate answers, verified by affidavit, as the practice then was, in which they say that at the time the trustee executed the deed of release the note described in the deed of trust in question was in fact paid by a note made by Robards to the order of Grove, for $1,250, dated March, 1861, at one hundred and eighty days, and secured by deed of trust executed by Robards to H. H. Wardlaw, trustee of Grove, and accepted by Grove in payment of the first note, and that the trustee satisfied the first deed of trust at the request of Grove.

The amended separate answer of John L. Robards, filed in 1870, sets up that the note described above, in the answer of the other defendants, was secured upon the buildings and improvements described in the deed of trust mentioned in plaintiff's petition, and also on part of lot 1 in block 10 in

the city of Hannibal, and that this second deed of trust authorized Grove to collect the rent of these improvements and apply them to the payment of the note ; that this second note was received by Grove in payment of the first, and that, upon receiving it, Grove instructed Thompson to satisfy the first deed of trust, which was accordingly done ; that Grove then fraudulently refused to surrender the former note, and kept both notes ; that the credits indorsed on the old note were paid on the new note, and should have been so applied ; that the difference in amount between the two notes arose from an exorbitant charge for interest ; that Grove fraudulently persuaded Thompson to sell under the first deed, when the same had already been released ; that Grove fraudulently persuaded Wardlaw, the trustee of the second deed, to sell under that deed also, and that Grove became the purchaser at the trustee's sale under the second deed, on October 12, 1863, for $425 ; that Grove collected the rents accruing on the property described in the second deed, from August 1, 1861, to September, 1867, and that the present plaintiff, his executor, has since collected said rents, and that these rents are more than sufficient to pay the amount due on the note ; that the property in the first deed was worth $1,800 at the date of the sale, and the property in the second deed was worth, at the date of the sale, $1,500.

Defendant also alleges that Archibald S. Robards died insolvent, and that, at the time of his death, judgments obtained against him in the Hannibal Court of Common Pleas remained unsatisfied. These judgments are set out ; they are eight in number, obtained in 1860 and 1861, and aggregate nearly $7,000. It is alleged that these judgments were all proved against Robards' estate in the Probate Court of Hannibal, and were in 1867 assigned to defendant for value ; that they are unpaid, and he owns them ; that the sale to Grove was fraudulent, and that the deed of release of Thompson was a cloud on title that

prevented others from bidding, and enabled Grove to buy the property for less than half its value. Defendant claims that as a judgment creditor he is entitled to redeem, and that ever since he has become such creditor he has been ready and willing to pay the new note and all interest, and has offered to do so to Grove in his lifetime, and to his executor, the present plaintiff, since Grove's death. The prayer is that the first deed of trust be declared satisfied and the first note surrendered; that an account be taken of rents received by Grove and his executor, and that defendant be permitted to redeem.

All the new matter in these answers was denied by replications.

On hearing, the bill was taken as confessed as to all the defendants except John L. Robards, and, the suit having abated as to the widow and Thompson, the trustee, the court found that the release by Thompson was made without the knowledge or consent of Grove; that no part of the debt secured by the deed of trust mentioned in the deed of release was ever paid to Thompson; that the debt was not paid at the date of foreclosure, and that no right to redeem was vested in John L. Robards. The deed of release of Thompson was annulled, and there was a judgment for plaintiff for costs.

So far as the entry of satisfaction by Thompson goes, it was unquestionably void. It is not even pretended that he had received payment of the note described in the deed of which he is trustee, and the evidence shows that, whether the second note was or was not taken in satisfaction of the first note, the trustee was never requested by the *cestui que trust* to execute a deed of release.

Nor does it appear what equity John L. Robards has to have the foreclosure of the first and second deeds of trust set aside. The estate of his father was confessedly insolvent. The only persons interested in that estate seem to have been the creditors, if we except the widow, who is out

of the question now. The administrator of Archibald S. Robards was not in a position to go into equity to relieve the realty of the estate of its burden, but no reason appears why the judgment creditors of Archibald S. Robards might not have proceeded at law to sell any interest of Robards in this real estate whilst their liens were in force. They did not choose to do so ; and we do not see how John L. Robards, by purchasing these judgments in 1867, six years after the last of them had been obtained, and five years after his father's death, put himself in a position to contest in equity the validity of these conveyances. The creditors, by their own laches, had already lost their rights to a lien. John L. Robards does not show that he had acquired the title of his father to this property, nor is he in a position to file a creditor's bill to enforce a lien, for the lien of the judgments which he purchased was dead when he bought them. If the judgment creditors of Robards, deceased, claimed that he had an interest in this real estate, they, or any one of them, might have proceeded to sell any interest of A. S. Robards in this property during his lifetime ; and even after his death they might, doubtless, have rendered their liens effectual under the provisions of our administration laws. The evidence shows that the sale under both deeds did not realize the amount indisputably due to Grove upon his original indebtedness ; and if, as is claimed, bidders were deterred from offering on account of the unlawful entry of satisfaction upon the record by the trustee, that, at least, was a matter for which A. S. Robards is not shown to have been in any way responsible. It does not appear that any offer was made to redeem this property until several years had elapsed from the date of the sale, and not until it had considerably risen in value.

It is true that it is not absolutely necessary that a creditor, before he can question in chancery conveyances affecting his debtor's real estate, should have first fastened a lien upon the property. *Merry* v. *Fremon,* 44 Mo. 520. But it

does not follow from this that judgment creditors who have established a lien, and have by their laches lost the benefit of it, may at any time have a remedy in equity when they have never attempted to apply their legal remedies. A. S. Robards died in June, 1862. These judgments were then all a year old, and as to some of them, nearly two years old ; they were not assigned to defendant until 1867, and are not set up for any purpose until his amended answer is filed in 1870, two years after the original answer of defendant was filed in this cause.

, We see no reason for disturbing the decree rendered in this cause, and, with the concurrence of Judge HAYDEN, it will be affirmed. Judge LEWIS is absent.